## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **H.J., C.J., and M.J.**

**No. 21-0455** (Raleigh County 20-JA-133, 20-JA-135, and 20-JA-136)

## MEMORANDUM DECISION

Petitioner Mother K.J.D., by counsel Christina Kostenko, appeals the Circuit Court of Raleigh County's May 4, 2021, order terminating her parental rights to H.J., C.J., and M.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Brittany Ryers-Hindbaugh, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Colleen M. Brown-Bailey, filed a response on the children's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights rather than imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Because of the extremely limited argument petitioner presents in support of her lone assignment of error, it is unnecessary to undertake a detailed recitation of the facts underlying the proceedings below. It is sufficient instead to set forth the following: In October of 2020, the DHHR filed an abuse and neglect petition alleging that petitioner and her boyfriend, J.C., physically abused the children with excessive corporal punishment. According to the DHHR, the children's nonabusing father and petitioner shared custody, and the father filed a petition for a domestic violence protective order ("DVPO") after he repeatedly found unexplained bruising on the children. Eventually, petitioner and J.C. admitted that J.C. spanked H.J. and C.J. for jumping on the bed, resulting in one of the children receiving bruising and a busted lip. Thereafter, petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

waived her preliminary hearing and moved for a preadjudicatory improvement period, stating that she was no longer in a relationship with the boyfriend. The circuit court held the motion in abeyance.

Prior to the adjudicatory hearing, the DHHR submitted a court summary in March of 2021, stating that petitioner stopped participating in the case after the last hearing in January of 2021. Her last visit with the children was January 21, 2021, and she had resumed her relationship with the boyfriend, despite her previous statements to the contrary. On March 11, 2021, the parties held a multidisciplinary team ("MDT") meeting and petitioner failed to appear but was represented by counsel. The same month, the circuit court held an adjudicatory hearing. Petitioner failed to appear but was represented by counsel. The court adjudicated petitioner as an abusing parent.

In April of 2021, the circuit court held a dispositional hearing. Petitioner appeared and moved for a post-dispositional improvement period. The guardian objected, citing that out of the approximately eighteen scheduled visits with the children, petitioner attended only about six and often did not let the nonabusing father know ahead of time when she had no intention of attending, which lead to the children waiting on petitioner who failed to appear. The guardian also stated that petitioner completely stopped all participation in the case in January of 2021 when she "fell off the face of the earth." Petitioner testified and when asked by her attorney if she would participate in an improvement period she answered, "no" because she had done nothing wrong and believed the children were instead in danger with the biological father. Petitioner further stated that she continued living with J.C. and was unwilling to separate from him. The DHHR worker testified that she took over the case in late January of 2021 and was unable to contact petitioner via the contact information provided by the previous worker. She further stated that she learned that petitioner had moved but did not know petitioner's address. The court denied petitioner's motion for an improvement period finding that petitioner was unwilling to admit to any fault and was unwilling to participate in formulating a case plan. Accordingly, the circuit court terminated petitioner's parental rights. Petitioner appeals the May 4, 2021, dispositional order terminating these rights.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[2]The father is nonabusing, and the children remain in his care.

Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner states that termination of parental rights is the most drastic action that could have been taken by the circuit court and that it should have considered a less-restrictive alternative, such as granting her a dispositional improvement period. We note, preliminarily, that petitioner fails to include a single citation to the appendix record on appeal in order to support this assertion. This is in violation of the West Virginia Rules of Appellate Procedure, which requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact . . . relied on . . . [and] must contain appropriate and specific citations to the record on appeal . . . . *The Court may disregard errors that are not adequately supported by specific references to the record on appeal*.

W. Va. R. App. P. 10(c)(7) (emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs . . . [that] do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. In that order, the Court went on to instruct that "all of the requirements of the Rules must be strictly observed by litigants" because "[t]he Rules are not mere procedural niceties; they set forth a structured method to permit litigants and this Court to carefully review each case." In ordering that all litigants before this Court must comply with the Rule of Appellate Procedure, the Court cautioned that "[p]ursuant to Rule 10(j), failure to file a compliant brief 'may result in the Supreme Court refusing to consider the case, denying argument to the derelict party, dismissing the case from the docket, or imposing such other sanctions as the Court may deem appropriate.'"

Here, petitioner's brief is woefully inadequate. Petitioner's argument is comprised of two sentences stating that the court should have granted her a less-restrictive disposition, yet she fails to cite to a single piece of evidence from the appendix record to support this assertion. This Court simply refuses to address this alleged error without petitioner citing to any factual support in the record. Because petitioner cites to no evidence in support of her assignment of error, she cannot be entitled to relief.

Having established that there is no evidentiary basis for petitioner's argument, we find no error in the court's termination of her parental rights. As the record shows, by the dispositional hearing in April of 2021, petitioner had been absent from the proceedings since January of 2021, stopped communicating with the DHHR or her counsel, and had stopped exercising visits with the children. Indeed, the court found that petitioner denied all wrongdoing at the dispositional hearing and had failed to cooperate with the parties to formulate a case plan. This Court has held

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable.

3

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Accordingly, we find no error in the court's determination that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that the children's best interests required termination of her rights. According to West Virginia Code § 49-4-604(c)(6), circuit courts may terminate parental rights upon these findings. Also, we have explained,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future, we find no error in the circuit court's termination of petitioner's parental rights, rather than the imposition of some less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 4, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: January 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton